**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Swapalease, Inc.,              )
                               )
           Plaintiff,          ) Case No. 1:07-CV-45
                               )
    vs.                        )
                               )
Sublease Exchange.com, Inc.,   )
                               )
           Defendant.          )

## O R D E R

This matter is before the Court on Defendant Sublease Exchange.com, Inc.'s ("Leasetrader") Application for Attorney's Fees and Expenses (Doc. No. 125). For the reasons that follow, the Court awards Leasetrader attorney's fees of $23,226.59.

Leasetrader's fee application arises out of its attempts to discover Plaintiff Swapalease, Inc.'s theory for recovering damages, and documentation supporting its damages claim, in this patent infringement case. On March 5, 2009, the Court entered an order (Doc. No. 124) finding that Leasetrader's motion to compel production of this information (Doc. No. 77) was moot to the extent it sought actual production of discovery from Swapalease as a result of the Court's finding of non-infringement of the patent-in-suit on cross-motions for summary judgment. Nevertheless, the Court concluded that Leasetrader was entitled to recover its reasonable attorney's fees and costs associated with filing the motion to compel because Swapalease's failure to produce the requested information was not substantially

justified, and indeed was in bad faith. The Court then directed Leasetrader to file its fee application within fourteen days of the entry of the order.

In its application, Leasetrader seeks total attorney's fees of $27,282.50. This amount includes $23,601.25 in fees associated with briefing and filing the motion to compel and attending (by telephone) the Court's hearing on the motion, and $3,681.25 in fees incurred attempting to resolve the discovery dispute extradjudicially. Leasetrader claims fees for the following services:

| | | |
|---|---|---|
| T. Earl LeVere | 15.25 hrs[1] @ $325/hr = | $4,956.25 |
| Roger A. Gilcrest | 2.00 hrs @ $335/hr = | $670.00 |
| Leora Herrmann | 27.75 hrs @ $425/hr = | $11,793.75 |
| William R. Trueba | 26.30 hrs @ $375/hr = | $9,862.50 |
| Total | | $27,282.50 |

Although this is a patent infringement case, the law of the Sixth Circuit controls an award of attorney's fees under Rule 37. <u>Pickholtz v. Rainbow Tech., Inc.</u>, 284 F.3d 1365, 1372 (Fed. Cir. 2002). Generally, the "lodestar" fee – a reasonable number of hours expended multiplied by a reasonable hourly rate – will

---

[1] The actual billing records show that Mr. LeVere billed 15.50 hours on matters related to the motion to compel. However, in reconciling the individual attorneys' hours billed and their rates with the overall amount claimed by Leasetrader, it appears that a mathematical error has resulted in Leasetrader claiming only 15.25 hours for Mr. LeVere's time.

2

be an appropriate and fair award of sanctions. <u>Bodenhamer Bldg. Corp. v. Architectural Research Corp.</u>, 989 F.2d 213, 221 (6th Cir. 1993).

Swapalease lodges several objections to Leasetrader's fee application. First, Swapalease objects to fees claimed for work performed both before and after the filing of the motion to compel. In other words, Swapalease contends that Leasetrader is not entitled to recover fees not specifically involved with the preparation and filing of the motion to compel. Second, Swapalease argues that Leasetrader is claiming fees for work that was never billed to it. Third, Swapalease argues that Leasetrader's claim should be reduced because of block billing entries on counsels' time sheets. Four, Swapalease contends that the fee request cannot be supported because a non-lawyer, Leasetrader principal Sergio Stiberman, has commented upon and attempted to establish what work was related to the motion to compel. Fifth, Swapalease argues that Leasetrader is claiming fees for duplicative work by multiple attorneys. Sixth, Swapalease argues that Leasetrader's application for $27,282.50 is unreasonable on its face in light of the fact that the Court earlier awarded Swapalease less $7,100 in sanctions for the two discovery-related motions on which it prevailed. The Court will dispense with Swapalease's less substantial arguments at the outset.

Swapalease's second and third arguments are somewhat related and both are based on a misunderstanding of an exhibit Leasetrader submitted in support of its fee application. Swapalease's contention that Leasetrader is claiming fees for services never performed relates to Leasetrader's Exhibit 3 (Doc. No. 125-3). In Exhibit 3, Leasetrader made downward adjustments for certain specific block billing entries reflected in the individual time sheets submitted in its Exhibit 2 (Doc. No. 125-2). Exhibit 3, however, does not include a block billing adjustment for every entry included in Exhibit 2. In concluding that Leasetrader was claiming fees for services not actually performed, Swapalease only added up the adjusted time entries on Exhibit 3 and omitted the remaining unadjusted entries in Exhibit 2. This was an error. Except for the small error noted above in footnote 1, Exhibits 2 and 3 reconcile with the fees claimed by Leasetrader. Therefore, Leasetrader has not attempted to recover fees for services not performed.

Consequently, Swapalease's argument that Leasetrader's fee application should be reduced because of block billing somewhat misses the mark because Exhibit 3 attempts to account for this problem. Courts unquestionably have authority to downwardly adjust fee claims because of block billing and vague entries. <u>Gratz v. Bollinger</u>, 353 F. Supp.2d 929, 939 (E.D. Mich. 2005). In this case, however, the Court finds that a further

4

downward adjustment in the fees claimed due to block billing is not required. Exhibit 3 shows that Leasetrader often made substantial downward adjustments to block billing entries. For example, a block entry from May 21, 2008 for Ms. Herrmann was adjusted from 6.50 hours to .50 hours. Similarly, a block entry from July 29, 2008 for Mr. Trueba was adjusted from 9.10 hours to .50 hours. There were a number of rather small downward adjustments from larger entries, such as a mere 30 minute reduction from a 5.50 hour entry by Ms. Herrmann on August 7, 2008. On the whole, however, counsels' entries and adjustments show a good faith attempt to exercise good billing judgment in the fee application. The non-adjusted entries are sufficiently detailed that no further reductions for block billing are required.

Swapalease's argument that Leasetrader's fee application is not supportable because Mr. Stiberman, a non-lawyer, attempts to comment on whether the fees are reasonable seems to misunderstand the role of Mr. Stiberman's affidavit. Leasetrader argues, and the Court agrees, that Mr. Stiberman is simply authenticating the time sheets as bills he received from the various law firms in connection with the motion to compel. The time sheets speak for themselves as far as the hours claimed and the services performed and it is the Court's job to decide the reasonableness issue. Therefore, the idea that Mr.

Stiberman's affidavit somehow renders the fee application without a basis is not supportable.

As a final preliminary matter, the size of the sanction the Court awarded to Swapalease is irrelevant in determining whether the fees now claimed by Leasetrader are reasonable. Each discovery dispute presents different facts and different legal issues, and, consequently, it is unlikely that any two disputes will require an equivalent amount of time and effort to bring the matter before the Court for resolution. Hence, a simple side-by-side comparison of sanctions claimed and awarded, such as advocated by Swapalease, is unhelpful in determining whether Leasetrader's fee application is reasonable.

The most substantial, and interesting, question is whether Leasetrader may recover attorney's fees for hours expended before the motion to compel was filed attempting to resolve the discovery dispute without Court involvement, and then for hours expended post-filing attempting to secure compliance with the Court's order. Rule 37 states in relevant part:

> **Payment of Expenses; Protective Orders.**
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses <u>incurred in making the motion</u>, including attorney's fees.

6

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Swapalease advocates a strict interpretation of Rule 37(a)(5)(A) in which only those expenses incurred with the actual preparation and filing of the motion to compel may be recovered. The Sixth Circuit has not addressed this issue, and, although Swapalease has not cited any cases in its brief, its position finds support in decisions rendered in this district. Judge Rose has issued two orders concluding that while the rules require a party to attempt to resolve a dispute extrajudicially before filing a motion to compel, the fees associated with those efforts are not recoverable. See Evenflo Co., Inc. v. Hantec Agents Ltd., No. 3-05-CV-346, 2006 WL 2165707, at *2 (S.D. Ohio July 31, 2006); Satterwhite v. Faurecia Exhaust Sys., Inc., No. 3:02-CV-574, 2005 WL 1279253, at * 3 (S.D. Ohio May 31, 2005). Magistrate Judge Vecchiarelli of the Northern District of Ohio reached the same conclusion in Uszak v. Yellow Transp., Inc., No. 1:06-cv-00837, 2007 WL 2085403, at *8 (N.D. Ohio July 13, 2007). This view has prevailed in other districts as well. E.g., Foxley Cattle Co. v. Grain Dealers Mut. Ins. CO., 142 F.R.D. 677, 681 (S.D. Iowa 1992); Williams v. Advertising Sex, LLC, No. 1:05-CV-51, 2007 WL 1089218, at *2 (N.D.W.Va. Apr. 3, 2007).

Conversely, Judge Graham of this district has concluded that the prevailing party on a motion to compel is entitled to recover expenses generated by extrajudicial efforts to resolve

the dispute.  JPMorgan Chase Bank, NA v. Neovi, Inc., No. 2:06-CV-0095, 2007 WL 1875928, at *6-*7 (S.D. Ohio June 20, 2007).  Judge Graham noted that both the Federal Rules of Civil Procedure and the Local Rules of Procedure require good faith efforts to confer with the opposing party to obtain the discovery without court action before a motion to compel can be filed.  Fed. R. Civ. P. 37(a)(1).  Therefore, because exhausting extrajudicial efforts to obtain the discovery is a necessary first step before filing a motion to compel, Judge Graham held that the related expenses were "incurred in making the motion" within both the letter and spirit of Rule 37.  Id. at *7.  Judge Graham's position finds support at a broad level of generality in Aerwey Lab., Inc. v. Arco Polymers, Inc., 90 F.R.D 563 (N.D.Ill. 1981), in which the district court held that "[i]f opposition to discovery efforts is not substantially justified, the 'expenses incurred in obtaining the order' should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly."  Id. at 565-66 (quoting in part former Rule 37(a)(4)).

After studying these opposing interpretations of Rule 37, the Court concludes that Judge Graham's view comports best with the Federal Rules of Civil Procedure.  Judge Graham did not read the phrase "incurred in making the motion" in Rule 37(a)(5)(A) in isolation as the other decisions appear to have

done.  Rather, Judge Graham recognized that the mandatory "meet and confer" provision of Rule 37(a)(1) is a condition precedent to filing a motion to compel.  Thus, Judge Graham's conclusion that "meet and confer" expenses are "incurred in making the motion" is compelling not only as a matter of logic, it complies with the general policy that the Rules of Civil Procedure should be construed in pari materia.  Yousuf v. Samantar, 451 F.3d 248, 257 (D.C. Cir. 2006).  Moreover, as the district court suggested in Aerwey, it would be inequitable to not fully compensate the prevailing party for all of the additional expenses imposed on it by its counterpart's unreasonable and unjustified refusal to produce the discovery to which it is entitled.

Accordingly, the Court concludes that in this case, Leasetrader may recover its reasonable expenses incurred in attempting to resolve the discovery dispute extrajudicially.  Additionally, because they are related to the motion to compel, the Court concludes that Leasetrader is entitled to recover its reasonable expenses in attempting to enforce the Court's order on the motion to compel.

Finally, Swapalease objects that Leasetrader is improperly attempting to recover duplicative attorney's fees.  The district court may exercise its discretion to "cut hours for duplication, padding or frivolous claims[.]"  Glover v. Johnson

138 F.3d 229, 252 (6th Cir. 1998) (internal brackets omitted). On the other hand, on a complicated case, the district court may simply deduct a small percentage from the hours billed to account for duplication of services.  Id.

The Court's review of the record, however, reveals minimal duplicative effort or excessive hours expended, even though most of the time three attorneys participated in these endeavors.  The record shows that Leasetrader expended approximately 9 hours in efforts to resolve the dispute with Swapalease without Court intervention.  Ms. Herrmann did almost all of the work on this task - about 6.25 hours - while Mr. LeVere spent about 2 hours, principally reviewing documents and correspondence.  Leasetrader expended approximately 16.50 hours drafting the motion to compel.  Ms. Herrmann again took the laboring oar on this project, devoting 12.25 hours to the task. Mr. LeVere expended 3.75 hours reviewing and revising the brief. The brief was not insubstantial - 13 pages of text setting forth the grounds for the motion and 72 pages of exhibits documenting Leasetrader's efforts to resolve the dispute.  Leasetrader expended approximately 13 hours in reviewing Swapalease's memorandum in opposition and drafting its reply brief.  This time was divided fairly evenly between the three attorneys.  Finally, Leasetrader expended about 21 hours in conference with the Court on the motion to compel and attempting to enforce the Court's

10

order to produce documents.  Mr. Trueba did most of the work on this task, about 13 hours.

In the main, breaking down Leasetrader's fee application into the three main phases of litigating the motion to compel, counsel, in the Court's opinion, did not over-litigate this issue.  There was, however, some duplication of effort, primarily in reviewing drafts of documents, participating in conferences with the Court, and consulting among each other.  Therefore, as suggested in Glover, the Court will reduce each attorney's hours by 10% to account for duplication of effort.

Finally, the Court must consider whether the hourly rates billed by Leasetrader's counsel are reasonable.  Based on the American Intellectual Property Law Association Report of the Economic Survey, Leasetrader argues that Mr. LeVere's and Mr. Gilcrest's rates comport with the average rates for intellectual property attorneys for the Ohio region, whereas it contends that Ms. Herrmann's and Mr. Trueba's rates compare favorably with rates in the Metro Southwest region of the country.

Swapalease has not contested the rates charged by Leasetrader's counsel.  However, the rates charged by counsel must be reasonable.  Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995).  Where, as in this case, a party has retained out-of-town counsel "courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether

the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." Id.

The Court finds that it was reasonable for Leasetrader to employ out-of-town counsel in this case. Patent litigation is a highly-specialized field of practice. Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc., 51 F. Supp.2d 302, 305 (S.D.N.Y. 1999). The Court's experience, reinforced by review of patent cases now pending in the Cincinnati division, is that it is not uncommon for one or both parties in an infringement action to be represented by out-of-town counsel. This suggests that there is not an abundance of experienced patent litigators in Ohio. Additionally, given the relative ease with which interstate commerce is transacted today, companies are likely to be subject to personal jurisdiction in any number of far flung locations throughout the country. In makes sense, however, for a party to retain counsel in its own city in order to reduce costs and to facilitate the efficient prosecution of the case. Therefore, retaining patent counsel located outside of Cincinnati in this case was not unreasonable. Accordingly, the Court finds that out-of-town counsel may be compensated at their local rates.

Having said that, however, counsel's rates are substantially higher than the average rates indicated on the AIPLA Report. For instance, Ms. Herrmann's rate is $425 per

hour, but the report shows that the average rate is $381 per hour for the Miami, Florida region. Similarly, Mr. LeVere and Mr. Gilcrest's rates, at $325 and $335 per hour, respectively, are higher than the average rate of $298 per hour for the Ohio region. Mr. Trueba's rate is actually a bit lower than the AIPLA average for the Miami area, $375 per hour versus $381 per hour. Accordingly, the Court will award Ms. Herrmann and Mr. Trueba a rate of $381 per hour and Mr. LeVere and Mr. Gilcrest will be compensated at a rate of $298 per hour.

In summary, then, after reductions for duplicative hours and adjusting counsel's rates to the AIPLA Report, Leasetrader is entitled to an award of attorney's fees as follows:

```
T. Earl LeVere      13.73 hrs @ $298/hr  =  $4,091.54
Roger A. Gilcrest    1.80 hrs @ $298/hr  =    $536.40
Leora Herrmann      24.98 hrs @ $381/hr  =  $9,517.38
William R. Trueba   23.67 hrs @ $381/hr  =  $9,081.27
Total                                       $23,226.59
```

## Conclusion

In summary, for the reasons stated, Leasetrader is awarded attorney's fees of $23,226.59.

**IT IS SO ORDERED**

Date April 27, 2009                    s/Sandra S. Beckwith
                                       Sandra S. Beckwith
                                       Senior United States District Judge